

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SACV 12-1885 DOC (MLGx)                                    Date: October 30, 2012

Title: JOSE FRANCISCO GARAVITO v. JP MORGAN CHASE BANK NA et al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                        NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING TEMPORARY RESTRAINING ORDER

      Before the Court is Plaintiff's Ex Parte Application for Order to Show Cause and Temporary Restraining Order (Dkt. 3) filed by Jose Francisco Garavito (Plaintiff). The Court finds this matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After consideration of Plaintiff's Motion (Dkt. 3) and Verified Complaint (Dkt. 1), the Court DENIES the Motion.

      I.      **Background**

      Plaintiff filed this Motion, along with his Verified Complaint, on October 29, 2012. *See* Mot; Compl. His Complaint alleges that Defendants JP Morgan Chase and National Default Servicing Corporation, as well as unnamed Does (Defendants), facilitated an improper–and illegal–mortgage loan transaction with him, and it states fourteen causes of action challenging Defendants' rights to property at 417 S. Clara St., Santa Ana, CA, 92703 (the property). *See* Compl. ¶¶ 19-156. Plaintiff seeks declaratory and injunctive relief, including a postponement of the foreclosure of the property, as well as damages. *Id.* at 28. Apart from providing the address of the property at issue and the date of Plaintiff's Notice of Default, *see* Compl. ¶ 9, Plaintiff fails to plead any facts that are specific to his case, and instead provides general and conclusory allegations about illegal practices in the mortgage industry.

      In seeking a TRO preventing Defendants from transferring ownership of "or further

encumbering Plaintiff's Property," Plaintiff alleges that Defendants "knowingly, liberally, greedily, and without any regard fro Plaintiff's rights sold Plaintiff a deceptive loan product." Mot. at 4. Plaintiff asserts that, because his home "will be sold within the next week" and because he is "subject to eviction actions," immediate action from the Court is necessary. *Id.* at 2.  Plaintiff provides no further factual allegations concerning his present situation, and includes no specific facts that would support his claim that sale and eviction are imminent. Plaintiff has not submitted any documents in support of this Motion.

## II.     Legal Standard for Temporary Restraining Order

"An application for a temporary restraining order involves the invocation of a drastic remedy which a court of equity ordinarily does not grant, unless a very strong showing is made of a necessity and desirability of such action." *Youngstown Sheet & Tube Co. v. Sawyer*, 103 F. Supp. 978, 980 (D.D.C. 1952). The standard for granting a temporary restraining order "is identical to the standard for issuing a preliminary injunction." *Brown Jordan Intern. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawai'i 2002).

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court may grant preliminary injunctive relief in order to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, a plaintiff has the burden to establish: (1) a likelihood of success on the merits; (2) a likelihood to suffer irreparable harm if the preliminary relief is not granted; (3) a balance of the equities favors the plaintiff; and (4) that the injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). In the Ninth Circuit, the *Winter* factors may be evaluated on a sliding scale: "serious questions going to the merits, and a balance of hardships that tips sharply toward the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of the irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

## III.    Discussion

Plaintiff's Motion fails to establish the necessary factors required for this Court to grant the extraordinary remedy of a TRO. He states that "the standard for injunctive relief is satisfied," Mot. at 4, yet does not elaborate on how his particular set of facts satisfies any of the elements relevant to that standard. Plaintiff's conclusory Complaint and the absence of supporting documents do not give the Court any way to determine on its own whether Plaintiff will ultimately succeed on the merits, nor do they provide enough specificity regarding the irreparable harm that Plaintiff will suffer. For example, Plaintiff appears to file the instant application out of speculative concern that an eviction will occur. *See* Mot. at 2. However, Plaintiff does not allege that an eviction is even scheduled, nor does he provide the Court with a date for the eviction. "Speculative injury does not constitute irreparable injury." *Goldie's Bookstore, Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984).

Similarly, Plaintiff does not show that serious questions as to the merits exist and that the balance of hardships tips in his favor. *See Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999). While a large portion of the Motion and an even larger portion of the Complaint are devoted to arguing that the alleged mortgage practices are devastating to the public interest, with virtually nonexistent factual support, the Court cannot enter the extraordinary remedy of a temporary restraining order.

Accordingly, the Court DENIES Plaintiff's Motion.

The Clerk shall serve this minute order on Plaintiff.