Jose Francisco Garavito
PO Box 9252
Fountain Valley, CA 92728

Pro Se Plaintiff

FILED
2013 OCT -7 PM 2:42
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY: _____

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FRANCISCO GARAVITO,<br><br>  Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE BANK NATIONAL ASSSOCIATION; NATIONAL DEFAULT SERVICING CORP.; and DOES 1 THROUGH 10, INCLUSIVE<br><br>  Defendants. | Case No. **8:12-cv-01885-DOC(MLGx)**<br><br>**PLAINTIFF'S OBJECTION TO MOTION FOR SUMMARY JUDGMENT** |

### PLAINTIFF'S OBJECTION TO SUMMARY JUDGMENT

Plaintiff Jose Francisco Garavito, appearing Pro Se on the matter, hereby files his Response to Plaintiffs Motion for Summary Judgment, and would show unto the Court the following, to-wit:

//
//
//
//
//
//
//
//

1

## PROCEDURAL FACTS

On or about October 5, 2013, Plaintiff received in the mail the Motion for Summary judgment filed by Defendant JP Morgan, which was filed on or about September 20, 2013.

Plaintiff was not afforded any time with which to respond to the Motion, as he did not receive the documents until October 5, 2013.

The proof of service was filed on this matter, however, as evidenced by the postmark on the envelope, the service was not effectuated until October 2, 2013 leaving Plaintiff virtually no time with which to object. As evidenced by the supplemental declaration by Plaintiff Garavito, the lack of service contributed to the tardiness of this response.

## SUMMARY JUDGMENT IS NOT APPROPRIATE

Summary judgment is a drastic remedy, and in this case, genuine issues of fact exist rendering summary judgment inapplicable. The issues of fact must be submitted to a jury, and their adjudication not denied to the parties.

The legal standards are stringent.

When the record is not adequate to permit a conclusion that no material fact dispute exists, the entry of summary judgment is inappropriate. _Kral v. American Hardware Mut. Ins. Co., 784 P.2d 759 (Colo. 1989)._ And, no matter how enticing in an area of congested dockets is a device to dispose of cases without the delay and expense of traditional trials with their sometime cumbersome and time consuming characteristics, summary judgment was not devised for, and must not be used as, a substitute for trial. _Sullivan v. Davis, 172 Colo. 490, 474 P.2d 218 (1970)._

Moreover, a summary judgment denies a litigant the right to trial of his case and should therefore not be granted where there appears any controversy concerning material facts.

And, the summary judgment procedure is not intended to deprive a litigant of the right to trial on the merits of the case. This rule is properly to be exercised only where the facts are clear and undisputed, leaving as the sole duty of the court the determination of the correct legal principles applicable thereto. Summary judgment is appropriate only in the clearest of cases, where no doubt exists concerning the facts.

Summary judgment is a drastic remedy and is never warranted except on a clear showing that there exists no genuine issue as to any material fact. All doubts as to the existence of such an issue must be resolved against the non-moving party.

And, a "genuine issue" cannot be raised by counsel simply by means of argument, be it before the trial court or on appeal; certainly the spirit of this rule suggests that if a party really contends that the area in question has in fact been roped off by proper authorities he has the duly to inform the trial court in the manner provided by this rule concerning summary judgments, and not to merely attempt to present the issue by hypothetical argument.

Summary judgment is really an issue over evidence.

The fact is, Plaintiff has sought discovery from the Defendant in this case to establish the true nature of Defendant's actual equitable risk to recover the money loaned in this transaction that will show breach of contract by misrepresentation, withholding of material fact and fraudulent conversion of the borrower's asset to fund the loan by the Defendant, as alleged.

At this stage of this case discovery and what has been or will be produced to be evidence in this case is in dispute and unresolved, and the Honorable Court has had no opportunity to hear evidence by documentary presentation or testimony of witnesses in support of allegations or defenses of either side to discern what are the facts established and proven by evidence before it by which it will determine the merits of either argument.

There have been no hearings and no arguments heard by the court on any facts or evidence purporting to support them, and no examination of discovery and report of findings by competent parties as it is in dispute.

As a matter of law, all the court knows and can see presently is that material facts are in dispute and therefore, at this present time, the filing of summary judgment is premature.

And therefore, again, at this present time, the Court can make no final determinations of what is fact proven in evidence before it for its deliberations and can presently make no determinations to accept or reject anything purporting to be "facts" proven in any legal sense carrying with them the strength and force of law for application to this case on summary judgment and the motion cannot be granted.

As a standard of review for summary judgment Defendant states, "A determination of whether to grant or deny a motion for summary judgment is based upon a review of all the evidentiary matters before the court - admissions in pleadings, answers to discovery, depositions, affidavits and other competent evidence." But as Defendant has stated, it is clear in this case, at this time, the court cannot do this without the issues of evidence before it from discovery being resolved and completed, so all may know what Plaintiff's evidence is.

Movement for summary judgment must show absence of any genuine issue of material fact or, in alternative, that there is no evidence to support non-moving party's case; once proper showing is made,

3
**PLAINTIFF'S OBJECTION TO SUMMARY JUDGMENT**

burden shifts to adverse party to prove by sufficient evidence that genuine issue of material fact is present for trial. *Atlas Enterprises Limited Partnership v. United States 32 Fed. Cl. 704 (1995).*

Yet without the issues of evidence before the court from discovery being resolved and completed so all may know what Plaintiff's evidence is, the Defendant cannot yet show the "absence of any genuine issue of material fact, and that there is no evidence to support non-moving party's case", because the court cannot know what evidence remains to be produced.

And the Plaintiff may not have what they will have "to prove by sufficient evidence that genuine issue of material fact is present for trial."

Thus for obvious reasons Summary Judgment cannot be considered.

Plaintiff's defenses are based on highly technical yet provable allegations of the fact that Defendant does not have the risk for recovery of the money loaned purported as a basis for the terms and obligations of the agreement on Plaintiff Garavito. And if such risk represented and allowed to be understood by its language and terms do not exist, Defendant Chase has breached the contract from the beginning enforcing it against the Plaintiff.

In this present case, if allowed to continue, and if the bank's witnesses are compelled to appear and if the book entry accounting of this loan transaction is ordered to be produced, all of which Plaintiff has a right to make his case, Plaintiff will proceed to prove in open court in the confronting of the agents of his adversary who has made the allegations of complaint against him, out of their own mouths, the facts:

- That Defendant as a banking institution is bound by law to abide by and conform to standard Generally Accepted Accounting Principles in the making of its loans and other transactions,
- That according to such principles, the book entry accounting of a loan transaction takes precedent over other legal forms of the agreement as showing the actual economic substance of it as to who in equity provided what and received what as a risk and or a benefit in the carrying out of the written agreement; and
- That such book entry accounting of this transaction is available and recoverable to be produced as evidence in this case and, once produced for their examination, the testimony of these authoritative witnesses on it will show.
- The economic substance of this transaction between Plaintiff and Defendant as they themselves are qualified to determine it, and will demonstrate and prove with absolute

4
**PLAINTIFF'S OBJECTION TO SUMMARY JUDGMENT**

certainty the nature of the performance by the Defendant and the inherent risks to itself, or the lack thereof, in breach of its contract in making the loan transaction.

Defendant has ignored completely the article of Plaintiff Garavito's assertion that Defendant was estopped from its action by provisions of the Fair Debt Collection Practices Act (FDCPA) and has damaged the Plaintiff in violation of the law in carrying out its suit without having first validated the debt as required under the law.

The facts are, as established by documentary evidence, of record here and already before the court, Plaintiff had sought verification of the debt and the Collector had not provided the verification required by definition and statute under the FDCPA as requested. Collector has still not provided adequate verification of said debt.

Plaintiff has sought and requested the Defendant or its agents to validate the legal form and terms of the agreement of how the parties were equitably supposed to have performed, by producing for examination the bank's journal bookkeeping entry ledger records of the transaction showing the factual economic substance of the transaction under GAAP of what actually did happen and how the parties actually did perform.

Plaintiff Garavito would show unto the Court, to this date Defendant has yet to provide any of the appropriate documentation necessary to validate this debt accordingly despite his direct request for them do so, and which request is his right to receive from the Defendant.

Plaintiff Garavito would show unto the Court, It is fundamental for Defendant's debt collector in validating that a debt exists, to establish that their client had loaned its own substance as valuable consideration that did already exist before the transaction that would allow creditor or collector in equity to demand payment. This is what Plaintiff had requested and what the law requires must be produced before collection efforts could rightly continue.

Yet it is clear Defendant's attorney has once again initiated collection of the alleged debt by beginning its legal action before Plaintiff Garavito would have had opportunity to be notified of Defendant's position in any dispute over the debt. And therefore began its legal action in violation of their own acknowledged requirements of temporary forbearance of such action under The Fair Debt Collection Practices Act until the requirements of the law had been met.

But Defendant has in fact, not verified or validated the debt before having begun its legal action even if its response had been received prior to its legal action beginning.

5
**PLAINTIFF'S OBJECTION TO SUMMARY JUDGMENT**

Plaintiff Garavito would show unto the Court with regard to legal validation and verification of a debt: There is no statutory definition of verification under the FDCPA therefore the ordinary meaning of the word; particularly in law defines the word. "In the absence of a statutory definition, courts give terms their ordinary meeting. *"Bass, Terri L. v. Stolper, Koritzinsky, 111 F.3d 1325, 7thCir. Apps. (1996).*

As the U.S. Supreme Court noted, "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. See, e.g., *United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 -242 (1989); United States v. Goldenberg, 168 U.S. 95, 102 -103 (1897); Oneale v. Thornton, 6 Cranch 53, 68.* When the words of a statute are unambiguous, then this first canon is also the last:" judicial inquiry is complete." *Rubin v. United States, 449 U.S. 424, 430(1981)*

"The legislative purpose is expressed by the ordinary meaning of the words used. *"Richards v. United States, 369 U.S.1 (1962).*

Verification, n. 1. A formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document. ..." *Black's Law Dictionary, 7th Edition (1999).*

Verification requires "Confirmation of correctness, truth, or authenticity, by affidavit, oath or deposition.... In accounting, the process of substantiating entries in books of account." (Black's Law Dictionary, Sixth Edition). This refers to verifying the entire bookkeeping journal entries associated with a loan transaction being verified.

Attorneys who regularly engage in activities of debt collections fall within the definition of a debt collector under FDCPA. *Heintz v. Jenkins, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed.2d 395 (1995)*

A debt collector must provide verification before an attorney can collect in court. *See S.D. Florida. Pablo Martinez, debtor, Plaintiff, v. Law Offices of David J. Stern .A, Defendant Bankruptcy No. 99-42274-BKCRAM. May 30, 2001.*

As the Court can see from the evidence here presented, requests for such verification had already been made of the Defendant, had been ignored, and were being made of Defendant's attorney pursuant to resolution of the debt after it had been verified and validated and he had received no response to any requests for validation of any type, that satisfy definition of law, before the legal action was begun.

By full of documentation noted herein Defendant is estopped from its action against Plaintiff Garavito by its own admission as to the requirements to which it is bound to validate the debt by definition of law under The Fair Debt Collection Practices Act.

6
**PLAINTIFF'S OBJECTION TO SUMMARY JUDGMENT**

Plaintiff Garavito is thereby being damaged by the time, and hardship involved in enduring Defendant's legal action, which should be stopped and by Defendant's refusal to obey the law, Plaintiff Garavito is further damaged by denial of the very evidence by which he might prove his case.

Defendant's Statement of Material Facts merely recites the historical facts of the contract between the parties, and or other filings by the plaintiff, and the submission of the legal forms of the agreement between plaintiff and defendant as exhibits. But these facts prove or refute nothing with regard to the dispute raised in Plaintiff Garavito's complaint.

Movement for summary judgment must show absence of any genuine issue of material fact or, in alternative, that there is no evidence to support non-moving party's case; *Atlas Enterprises Limited Partnership v. United States 32 Fed. Cl. 704 (1995).*

In its recitation of historical facts in this case Defendant fails to do this.

Plaintiff Garavito would respectfully remind the Court, according to case law here cited.

*In Anderson v. liberty Lobby, Inc. 477 U.S. 242 (1986); and City Mgm't Corp. v. US. Chemical Co., Inc., 43 .3d 244 (6th Cir. 1994)*, it was determined the role of a judge at summary judgment stage is not to weigh evidence but to determine whether there is genuine issue of material fact requiring trial that would make summary judgment improper.

The Court must carefully review all evidentiary matters before it; admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. in the light most favorable to the party against whom the motion for summary judgment is made. Essentially considered to mean, "When considering a motion for summary judgment, a Court must review the evidence in the light most favorable to the non-moving party and give the non-moving party the benefit of every doubt."

Movement for summary judgment must show absence of any genuine issue of material fact or, in alternative, the there is no evidence to support non-moving party's case; *Atlas Enterprises Limited Partnership v. United States 32 Fed. Cl. 704 (1995).*

Defendant's motion fails to rebut or remove Plaintiff Garavito's genuine issue of material fact in dispute. And fails to show there is no evidence to support Plaintiff Garavito's case, in the light of authoritative documentary evidence already submitted, and in anticipation of witness testimony subpoenaed and discovery yet to be produced, which must be viewed "in the light most favorable to the Plaintiff."

Further, According to *Ryland v. Shapiro, 708 F.2d. 987 (5th Cir.1983),( and Morris v. National Cash Register Co. , 44 S.W. 2d 433),* Plaintiff Garavito's factual allegations in the complaint must be accepted as true, if not rebutted along with any reasonable inferences that may be drawn there from.

7
**PLAINTIFF'S OBJECTION TO SUMMARY JUDGMENT**

"Where doubt exists as to whether there is a genuine issue of material fact, the trial judge should err on the side of denying the motion and permitting a full trial on the merits." *Ellis v. Pows, 645 So. 2d. 947, 950 also Brown v. Credit Ctr. Inc. 444 So. 2d, 358, 362 (Miss 1983).*

If any triable of issues of fact exist, the lower Court's decision to grant summary judgment will be reversed, *Free v. Bland, 369 US 668*

Premises considered, Defendant has failed to establish any basis in fact or in law to support summary judgment, summary judgment cannot be heard as there is no resolution or completion on the issue of evidence from discovery and what facts may finally be proven there from, and the motion should be denied and Plaintiff prays the court that it be so ordered.

### RELIEF REQUESTED

**WHEREFORE,** Plaintiff Garavito respectfully requests that the Motion and order for Summary Judgment, along with the Motion to Strike a Jury Trial be denied, that the court assess attorney's fees and costs against Defendant and counsel, and for such other and further relief as the court deems just and appropriate in the premises.

Dated: 10, 07, 2013.

Respectfully submitted,

Jose Francisco Garavito, Plaintiff Pro Se
PO Box 9252
Fountain Valley, CA 92728

8
**PLAINTIFF'S OBJECTION TO SUMMARY JUDGMENT**

## CERTIFICATE OF SERVICE

I hereby certify that on 10/07, 2013, the foregoing was filed with the Clerk of the Court and I certify that a true and exact copy of the foregoing was mailed, postage prepaid to the following parties.

Samantha Dillon, California Bar No. 270770
BRYAN CAVE LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone:    (949) 223-7000
Facsimile:    (949) 223-7100

_____
Jose Francisco Garavito, Plaintiff Pro Se
PO Box 9252
Fountain Valley, CA 92728